1  **WO**

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   United States of America,          )   No. CV-01-317-PHX-LOA
                                        )
10            Plaintiff,                )   **ORDER**
                                        )
11  vs.                                 )
                                        )
12                                      )
    Ted G. McFerran,                    )
13                                      )
              Defendant.                )
14  _____    )

15          This matter is before the Court on Defendant's two Petitions to Quash

16  Subpoena.  (dockets # 27, # 32)  The Petitions are substantively the same.  Defendant

17  seeks an order quashing a subpoena which the Government issued scheduling Plaintiff's

18  deposition.  Defendant also seeks a protective order directing the Government to cease

19  collection efforts on a student-loan obligation which Defendant claims was discharged in

20  his Chapter 7 bankruptcy.  The Government opposes Plaintiff's petitions.  (docket # 29)

21  Additionally, in response to the Court's order, docket # 31, the parties have submitted

22  briefing regarding the applicability of *Espinosa v. United Student Aid Funds*, ___ F.3d

23  ___, 2008 WL 4426634 (9th Cir., Oct. 2, 2008) to this case.  (dockets ## 33, 34)

24  **I.  Background**

25          On February 20, 2001, the Government commenced this recovery action

26  pursuant to 28 U.S.C. § 1345 based on Defendant's alleged default on a student loan.

27  (docket # 1)   The parties consented to magistrate-judge jurisdiction pursuant to 28 U.S.C.

28  § 636(c).  (docket # 7)   The Government subsequently filed a Motion for Summary

1   Judgment.  (docket # 10)   Defendant did not file a response.   On March 1, 2002, the

2   Court granted summary judgment in favor of the Government.  (docket # 14)   On March

3   28, 2002, the Government made a demand for payment.  (docket # 29 at 2)   Thereafter, on

4   July 27, 2004, on the Government's motion, the Court scheduled a judgment-debtor exam

5   and ordered Defendant to bring any financial records to disclose his ability to satisfy the

6   judgment entered March 1, 2002.  (docket # 16)   The Judgment-Debtor exam was held

7   on September 9, 2004.  (docket # 18)

8               On October 14, 2005, Defendant, proceeding *pro se*, filed a voluntary

9   petition under Chapter 7 of the Bankruptcy Code[1] in the U.S. Bankruptcy Court, District

10  of Arizona.  *See*, Bankruptcy Petition # 2:05-bk-27427-RJH.[2]   On October 31, 2005, the

11  Bankruptcy Court sent Defendant a "Corrected[3] Notice to Debtor Not Represented by an

12  Attorney" which included the following statement regarding student loans:

13                    **<u>STUDENT LOANS</u>**

14                    Student loans made, insured, or guaranteed by a governmental unit or
                      under any program funded by a governmental unit or a non-profit
15                    institution, are generally not discharged by your bankruptcy unless it
                      would impose an undue hardship on you and your dependents.  In order
16                    to have a student loan discharged for undue hardship, you must file a
                      complaint naming the student loan creditor as a defendant.  The clerk's

17

18        [1]  Because Defendant's bankruptcy proceeding was commenced before the October

19  17, 2005 effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act
    of 2005 ("BAPCPA"), it is considered a pre-BAPCPA case.

20

21        [2]  A district court "may take notice of proceedings in other courts, both within and
    without the federal judicial system, if those proceedings have a direct relation to matters at

22  issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248
    (9th Cir. 1992) (citations and internal quotation marks omitted). A district court may take

23  judicial notice of matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th
    Cir. 2001), including the fact that a document that has been filed in another court proceeding.

24  *Id*. at 689-90.

25        [3]  The docket in 2:05-bk-27427-RJH reflects that on October 18, 2005, the Bankruptcy

26  Court sent Defendant a "Notice to Debtor Not Represented by An Attorney."  (2:05-bk-
    27427-RJH, docket # 4)  On October 31, 2005, a "Corrected" notice was sent to Defendant.

27  (2:05-bk-27427-RJH, docket # 9)  The record does not indicate what type of correction was

28  made on the October 31, 2005 notice.

1  office will issue the summons and return it to you.  Please provide a
   stamped, self-addressed envelope for this purpose.
2
   It is your responsibility to serve the summons and a copy of the complaint
3  upon the defendant.  An affidavit of service must be filed after you have
   made service.  Service may be made by first class mail, postage prepaid.
4  If the defendant fails to file an answer, an affidavit, and entry of default
   must be filed before a default judgment will be signed.  You must also
5  provide the form of judgment.  If an answer is filed, the matter will be set
   for trial before the judge.  If your bankruptcy packet includes the form of
6  complaint to discharge a student loan, DO NOT attach it to your petition.
   It must be filed separately.
7

8  (docket # 29, Exh. A) (emphasis in original)..

9          The docket sheet for Defendant's bankruptcy proceeding reflects that he did

10 not file a complaint in the Bankruptcy Court, seeking discharge of a student loan prior to

11 the conclusion of his bankruptcy case.  (docket # 29, Exh. B, docket sheet for 2:05-bk-

12 27427-RJH)   Likewise, the Bankruptcy Court's records indicate that there are "no

13 associated cases."  (docket # 29, Exh. B)   The list of "Creditors Holding Unsecured

14 Nonpriority Claims" filed in Defendant's Chapter 7 proceeding included the United

15 States Department of Education as such a creditor.  (docket # 27 at 5)

16          On February 23, 2006, Defendant was granted a discharge under Title 11 §

17 727 of the Bankruptcy Code.  (docket # 27 at 4; docket # 29, Exh. C)   Attached to the

18 discharge order was an "**EXPLANATION OF BANKRUPTCY DISCHARGE IN A**

19 **CHAPTER 7 CASE**" which included the following statement:

20
          **Debts that are Not Discharged**
21
          Some of the common types of debts which are <u>not</u> discharged in a chapter
22        7 bankruptcy case are:

23        a.  Debts for most taxes;

24        * * *
          d.  Debts for most student loans.
25

26 (docket # 29, Exh. C) (emphasis in original)

27

28

1    On August 20, 2007, the Government sent a demand letter to Defendant,

2    advising him that the Government contended that his student-loan obligation had not been

3    discharged in his Chapter 7 bankruptcy proceeding.  (docket # 29, Exh. D)   In an April 4,

4    2008 letter to Defendant, the Government further explained its position stating that:

5

6    Student loans are an exception to dischargeability of debts in
     bankruptcy. To discharge a student loan obligation, the debtor must prove

7    that repayment of the student loan would cause 'undue hardship' to the
     debtor and the debtor's dependents.  The Bankruptcy Code and Rules

8    require that a separate action, an adversary proceeding, be filed to
     determine whether repayment of the student loan imposes an undue

9    hardship and should therefore be discharged under 11 U.S.C. § 523(a)(8).
     An adversary

10   proceeding requires the filing of a complaint and service of notice and a
     summons upon the relevant student loan creditor.  This office did not

11   receive notice of the bankruptcy and has not been served with a complaint
     to determine dischargeability.  In addition, the docket for your bankruptcy

12   case reveals that no complaint has been filed.  Accordingly, the student
     loan debt has not been discharged, as you state.

13   (docket # 29, Exh. E)

14   In response to that letter, Defendant contacted the U.S. Attorney's office,

15   claiming that his debt had been discharged in the bankruptcy proceeding. (docket # 27 at

16   3)

17   Thereafter, on April 14, 2008, the Government filed an Application for Writ

18   of Garnishment, docket # 20, in this Court, which was granted.  (dockets # 21, # 22)   The

19   Government unsuccessfully attempted to serve the Writ of Garnishment on Defendant.

20   (docket # 23)   On August 18, 2008, the Government issued a notice of deposition and a

21   *subpoena duces tecum* to Defendant ordering him to appear for his deposition on

22   September 22, 2008.  (dockets # 25, # 26)   Defendant subsequently moved to quash the

23   subpoena and claimed the Government's post-discharge actions violate the discharge

24   injunction. Defendant also seeks an order directing the Government to cease collections

25   activities.  Defendant contends that the student loan which forms the basis of this

26   recovery action was discharged by the Bankruptcy Court.

27   Defendant also argues that he repaid the loan and that the Government has

28   "a history of misplacing" payments and "a history of questionable and bad accounting

practices." (docket # 27 at 2; docket # 32 at 3)  To the extent that Defendant argues that he repaid the loan, such arguments are not properly before the Court in the present posture of the case.  Defendant had the opportunity to raise such arguments in 2001 in response to the Government's Motion for Summary Judgment. (docket # 10)  Defendant, however, did not oppose the Motion for Summary Judgment.  Judgment was entered in the Government's favor. (docket # 14)  Defendant never filed a timely motion to reconsider or for relief from the Judgment. *See*, Fed.R.Civ.P. 60.  Accordingly, the Court will only consider those arguments pertinent to Defendant's claim that his student loan obligation was discharged in his Chapter 7 bankruptcy proceeding.

On September 9, 2008, this Court stayed Defendant's September 22, 2008 deposition and the Government's related *subpoena duces tecum* until the Court resolved the pending issue of Defendant's alleged discharge of his student loans in his 2005-2006 Chapter 7 bankruptcy proceedings. (docket # 28)

**II. Analysis**

Prior to the enactment of the Education Amendments of 1976, student loans were dischargeable under the former Bankruptcy Act.  Alan M. Ahart, *Discharging Student Loans in Bankruptcy*, 52 Am. Bankr.L.J. 201 (1978).  A loophole in the Bankruptcy Code of 1978 created a situation where student loans were nondischargeable in Chapter 7 for the first five-years of repayment unless it would constitute an "undue hardship," but were dischargeable in Chapter 13.  Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, § 523(a)(8), 92 Stat. 2549, 2591 (1978).  In 1990, this period of nondischargeability was extended to seven years.  The Federal Debt Collection Procedures Act of 1990, Pub.L. No. 101-647, § 3621(2), 104 Stat. 4933, 4965 (1990); *Rifino v. United States (In re Rifino)*, 245 F.3d 1083, 1087 n. 3 (9th Cir. 2001).  Also in 1990, Congress extended the restrictions on discharging student loans to bankruptcy proceedings filed under Chapter 13.  The Student Loan Default Prevention Initiative Act of 1990, Pub.L. No. 101-508, § 3007, 104 Stat. 1388, 1388-28 (1990).

1          Thereafter, in 1998, Congress amended § 523 of the Bankruptcy Code to

2  eliminate the option for a student-loan discharge after seven years. The  Higher Education

3  Amendments of 1998, Pub.L. No. 105-244, Title IX, § 971(a), 112 Stat. 1581, 1837

4  (1998).   Accordingly, in either Chapter 7 or Chapter 13 cases, "student loan obligations

5  are presumed to be nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(8)." *In*

6  *re Rifino*, 245 F.3d 1083, 1087 (9th Cir. 2001).  One narrow exception exists when

7  "excepting such debt from discharge . . . will impose an undue hardship on the debtor and

8  the debtor's dependents."  11 U.S.C. § 523(a)(8).

9          The provisions of § 523(a)(8) are not "self-executing."  In other words,

10  student loans are presumed to be nondischargeable and a creditor need not take any

11  affirmative action to establish nondischargeability of a student loan. *Tenn. Student*

12  *Assistance Corp. v. Hood*, 541 U.S. 440, 450 (2004).  Rather, the burden is on the debtor

13  to commence an adversary proceeding to determine dischargeability of a student loan. 11

14  U.S.C. § 523(a)(8); Fed. R. Bankr. P. 7001(6).

15          The Bankruptcy Rules provide that the debtor bears the burden of proving

16  the elements of undue hardship[4] in an adversary proceeding. *Rifino*, 245 F.3d at 1087-88;

17  Fed. R. Bankr. P. 7001(6) (defining a "proceeding to determine the dischargeability of a

18  debt" as an adversary proceeding).  An adversary proceeding is a "subpart of a

19  bankruptcy case that has all the trappings of civil litigation." *In re Mersman*n, 505 F.3d

20

---

21      [4] To determine whether excepting student loans from discharge will create an undue
22  hardship, the Ninth Circuit has adopted the three-part test developed by the Second Circuit
     in *In re Brunner*, 46 B.R. 752, 753 (Bankr.S.D.N.Y. 1985), *aff'd by*, 831 F.2d 395 (2nd Cir.
23  1987). *Rifino*, 245 F.3d at 1087.
        To obtain discharge of a student loan, the debtor must prove: (1) that the debtor cannot
24  maintain, based on current income and expenses, a "minimal" standard of living for himself
     and his dependents if required to repay the loan; (2) that additional circumstances exist
25  indicating that this state of affairs is likely to persist for a significant portion of the repayment
     period of the student loan; and (3) that the debtor has made good faith efforts to repay the
26  loan. *Bruner*, 831 F.2d 396.  If the debtor fails to establish any one of these requirements,
27  "the bankruptcy court's inquiry must end there, with a finding of no dischargeability."
28  *Rifino*, 245 F.3d at 1088 (internal quotation marks omitted).

1033, 1043 (10th Cir. 2007).  The notice requirements to initiate an adversary proceeding are more stringent than the notice requirements for confirmation of a Chapter 13 plan.  *Id*. To initiate an adversary proceeding, a debtor must comply with the exacting requirements of the Bankruptcy Rules.  Fed. R. Bankr. P. 7001(6).  The debtor must first file a complaint, which must be served along with a summons on the creditor-defendant.  *Id*. Rules 7003 and 7004.   Service of the complaint is governed by Fed. R. Bankr. P. 7004 which provides that service on the United States shall be made by mailing a copy of the summons and complaint to the United States Attorney's Office for the district where the action is brought and to the Attorney General of the United States.  Fed. R. Bankr. P. 7004(b)(4).  There is no obligation to answer an adversary complaint until the complaint is "duly served."  Rule 7012(a).  Absent proper service, the creditor-defendant cannot be deemed to have "failed to plead or otherwise defend[.]" Fed.R.Civ.P. 55(a), incorporated by Fed. R. Bankr. P. 7055.

The Bankruptcy Court's record reflects that Defendant in this case did not file an adversary complaint or otherwise seek a ruling from the Bankruptcy Court that his student loan should be discharged because of undue hardship. *See*, *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 451-52 (2004) (noting that a student-loan debtor is required to file an adversary proceeding by service of a summons and complaint). Moreover, Defendant's notice attached to the Bankruptcy Court's discharge order specifically indicated that student loans are generally not dischargeable pursuant to § 523(a)(8).  (docket # 29, Exh. C)   Because Defendant did not commence an adversary proceeding to determine whether his student loan was dischargeable prior to the closing of his bankruptcy case, Defendant's student loan was not discharged in the bankruptcy case and the Government may pursue its collection activities. *See, Miller v. United States Department of Education (In re Miller)*, 2006 WL 2361819, * 3 (Bkrtcy. W.D.Pa. 2006).

The Ninth Circuit's recent decision in *Espinosa v. United Student Aid Funds (In re Espinosa)*, ___ F.3d ___, 2008 WL 4426634 (9th Cir., Oct. 2, 2008) does not require a different result.  In *Espinosa*, the debtor filed a Chapter 13 bankruptcy plan that

provided for repayment of $13,250.00, the principal balance owed on his student loan, and for discharge of any unpaid interest. *Espinosa v. United Student Aid Funds, Inc*., 530 F.3d 895, 896 (9th Cir. 2008).[5]   The only creditor, United Student Aid Funds, Inc., was notified of the debtor's plan and filed a proof of claim in the amount of $17,832.15 which included the principal balance of the student loan plus unpaid accrued interest and fees. *Id.* at 896.  Despite the discrepancy between the debtor's proposed plan and the creditor's proof of claim, the creditor filed no objections to the proposed plan.  *Id*.  In the absence of any objections, the bankruptcy court confirmed the plan which included the provision discharging the unpaid balance of the student loan.  530 F.3d at 896.

After the debtor completed the Chapter 13 plan, the bankruptcy court issued a  discharge order.  *Espinosa*, 530 F.3d at 896.  Generally, a Chapter 13 discharge releases a debtor from all debts provided by the plan.  11 U.S.C. § 1328(a)(2) (stating that if a chapter 13 debtor successfully completes all payments under a confirmed plan, the indebtedness is discharged.).  There is an exception to a Chapter 13 discharge for guaranteed educational loans.  11 U.S.C. § 1328, § 523(a)(8).  However, because the debtor's Chapter 13 plan in *Espinosa* provided that the unpaid balance of the student loan would be discharged upon completion of the plan, and the bankruptcy court had confirmed that unopposed plan, the discharge order included the unpaid balance of the debtor's student loan.  530 F.3d at 896-97.

Several years after the Chapter 13 discharge was entered, the creditor began "offsetting" or "intercepting" the debtor's income tax refunds to satisfy the unpaid balance of the student loan.  530 F.3d at 896.  The debtor sought relief in the bankruptcy court on the ground that his student loan was discharged in his Chapter 13 plan.  *Id*.  The creditor argued that the student loan could not have been discharged in the Chapter 13 plan, because the debtor had not received a judicial determination of hardship in an

---

[5] *Espinosa v. United Student Aid Funds, Inc*., 530 F.3d 895, 896 (9th Cir. 2008), is the June 24, 2008 opinion before remand to the Bankruptcy Court.

1   adversary proceeding, as required by the Bankruptcy Code and Rules.  530 F.3d at 896-

2   97; § 523(a)(8); Fed.R.Bankr.P. 7001(6).  The Bankruptcy Court held that the creditor's

3   actions violated the discharge injunction[6] and ordered the creditor to cease all collection

4   activity.  *Id.* at 897.   The creditor appealed to the District Court which reversed, finding

5   that the creditor had been denied due process because it was not properly served, and thus

6   no adversary proceeding had been commenced, as required by the Bankruptcy Code and

7   Rules.  *Id.*   The debtor appealed.

8          After remand for a limited purpose, the Ninth Circuit reversed.  *Espinosa v.*

9   *United Student Aid Funds (In re Espinosa)*, ___ F.3d ___, 2008 WL 4426634, * 8 (9th

10  Cir., Oct. 2, 2008).  Relying on Ninth Circuit precedent, the Court affirmed that "student

11  loan debts can be discharged by way of a chapter 13 plan if the creditor does not object,

12  after receiving notice of the proposed plan[.]"  *Id.* at * 8 (citing *Great Lakes Higher Educ.*

13  *Corp. v. Pardee (In re Pardee)*, 193 F.3d 1083, 1086 (9th Cir. 1999)).  The Court held that

14  a Chapter 13 discharge order is a final judgment that cannot be set aside merely because it

15  contains "illegal provisions."  2008 WL 4426634, * 3 (citing *Pardee,* 193 F.3d at 1086).

16  The Ninth Circuit explained that a discharge order can only be reconsidered and set aside

17  pursuant to Fed.R.Civ.P. 60(b) and then, only based on a lack of adequate notice.  *Id.* at *

18  3-5.  The Court concluded that because the creditor had received actual notice of the

19  Chapter 13 plan and its discharge, and, therefore, was provided a full and fair opportunity

20  to object to the treatment of the student loan in the Chapter 13 plan, the creditor had

21  received adequate notice for purposes of Rule 60(b).  *Id.* at * 6.

22         The Ninth Circuit's fact-specific holding in *Espinosa* is inapplicable to this

23  case.  *Espinosa* holds that a student-loan debtor may obtain discharge of a student loan by

24  including it in a Chapter 13 plan if the creditor fails to object after receiving notice of the

25  proposed plan.  2008 WL 4426634, * 8.  Unlike *Espinosa*, Defendant in this case filed a

26

27  _____

28         [6]  See 11 U.S.C. § 524(a)(2) (stating that "[a] discharge in a case under this title. . .
    operates as an injunction against the commencement or continuation of an action, the
    employment of process, or an act, to collect, recover or offset any such debt as a personal
    liability of the debtor, whether or not discharge of such debt is waived[.]").

1   Chapter 7 bankruptcy.  A Chapter 7 debtor does not file a plan for repayment of his debts.

2   Thus, unlike *Espinosa*, Defendant did not file a repayment plan in this case.  In this

3   bankruptcy case, because Defendant did not commence an adversary proceeding

4   regarding his student loan, the Government had no notice of Defendant's intent to seek

5   discharge of that loan and had no obligation to take any action to protect its rights.  *See*,

6   11 U.S.C. § 523(a)(8).  Additionally, the discharge order entered in this case on February

7   23, 2006 stated that student loans were excepted from discharge.  (docket # 29, Exh. C)

8           In summary, because Defendant's student-loan debt was not discharged in

9   his Chapter 7 bankruptcy, that loan obligation remains outstanding.  There is no statute of

10  limitations that bars collection of defaulted student loans. *See*, *United States v. Phillips*,

11  20 F.3d 1005, 1007 (9th Cir.1994) (citing 20 U.S.C. § 1091a(a)).  Accordingly, the

12  Government may pursue its collection activities to recover Defendant's student-loan debt

13  and Defendant's Petition to Quash the Subpoena will be denied.

14          Accordingly,

15          **IT IS HEREBY ORDERED** that Defendant's two Petitions to Quash

16  Subpoena.  (dockets # 27, # 32) are **DENIED**. The *sua sponte* stay of the Government's

17  collection efforts is hereby lifted. Defendant shall comply with the Government's formal

18  post-judgment collection proceedings.

19          DATED this 14th day of November, 2008.

20

21

22

23                          Lawrence O. Anderson
                            United States Magistrate Judge

24

25

26

27

28